Harris *v.* Randolph County Bank.

---

## HARRIS ET AL. *v.* RANDOLPH COUNTY BANK.

[No. 19,008. Filed June 19, 1901.]

BANKS AND BANKING.—*Authority of Bank President to Assign Note.* —*Presumption.*—Where a note is assigned by a bank president as collateral security for a debt due another bank, such assignment will be presumed to be binding on the bank until it is shown that the same was not authorized or ratified by its directors. *pp. 127, 128.*

SAME.—*Authority of Bank President to Assign Note.— Pleading.*— Where a note is assigned on behalf of a bank by its president, and, in an action thereon it is desired to present an issue in regard to the authority of the bank president to make the assignment, it must be done by verified plea, as provided by §367 Burns 1894. *pp. 128, 129.*

APPEAL.—*Harmless Error.*—The sustaining of a demurrer to certain paragraphs of answer is harmless, where each answer was but the equivalent of a general denial. *p. 129.*

SAME.—*Harmless Error.*—The sustaining of a demurrer, when a motion to strike out is the proper remedy, is harmless, where the correct result was reached. *p. 129.*

Harris v. Randolph County Bank.

Bills and Notes.—*Assignment of Note as Collateral Security.*— *Insolvency.*—*Preferences.*—Where a loan is made upon agreement that the debtor is to assign certain notes as collateral security, an assignment of the notes in pursuance of such agreement, but after the debtor became insolvent, is not void, as being in violation of §2934 Burns 1894, which provides against the preference of one creditor to another.   *pp. 126, 130-132.*

Set-Off. — *When Improper.* — Where a debtor assigned a note to plaintiff as security for a loan, such debtor is in no position to file a set-off against plaintiff's cause of action on the note, where recovery is sought from the original makers only.   *pp. 132-136.*

Same.—*When Improperly Pleaded.*—Suit was brought by a bank on a note alleged to have been received as collateral security from another bank.   The latter bank was made a party defendant along with the original makers against whom judgment was demanded. *Held,* that a cross-complaint by defendant bank, alleging that plaintiff had wrongfully taken possession of the note, and converted same to its own use, sounds in tort, and cannot be pleaded as a set-off.   *pp. 132-136.*

Counterclaim.—*Insufficiency of Cross-Complaint.*—A cross-complaint is insufficient as a counterclaim which contains no averments, or otherwise shows, that the transaction alleged therein was connected with or arose out of the same cause of action on which the plaintiff bases his complaint.   *p. 136.*

Appeal.—*Harmless Error.*—Alleged erroneous rulings of the trial court will not be considered on appeal where the legitimate evidence is sufficient to sustain a judgment, and the merits of the cause under the issues have been fairly tried.   *p. 138.*

Banks and Banking.—*Power of Banks to Borrow Money.*—*Insolvency.* —A bank may borrow money in the prosecution of its business, and secure the payment thereof by collaterals or otherwise, and the fact that such bank is insolvent at the time does not deprive the bank of the right to negotiate the loan and secure the payment thereof, unless it is forbidden by statute.   *p. 140.*

From Randolph Circuit Court; *J. W. Headington,* Judge.

Action by the Randolph County Bank against William Harris and another on a note executed by the latter to the Citizens Bank and assigned to plaintiff, and to foreclose a mortgage. From a judgment in favor of plaintiff, Jesse Canaday, receiver of the Citizens Bank, who had been made a party, defendant appeals. *Affirmed.*

*J. W. Thompson, J. W. Ryan* and *W. A. Thompson,* for appellants.

*J. J. Cheney, J. W. Macy, J. P. Goodrich, J. S. Engle* and *W. G. Parry,* for appellee.

JORDAN, J.—The Randolph County Bank, of Winchester, Indiana, as plaintiff, sued William Harris and Eneas H. Turpen to recover a personal judgment against them upon a promissory note for $3,000 executed by them to the Citizens Bank of Union City, Indiana, and to foreclose a mortgage upon certain real estate in said county executed to said bank by said parties and their respective wives to secure the payment of the note in suit. Appellant Jesse Canaday, who had previously been appointed receiver of the Citizens Bank, an insolvent institution, and other persons who, along with said receiver, claimed to have and hold liens upon the mortgaged premises, were made party defendants, and expressly challenged, by each paragraph of the complaint, to answer as to any liens or interests which they had or held against said premises. All of the defendants, except Canaday, the receiver of the Citizens Bank, were defaulted. He alone appeals, and assigns that the court committed the following errors: (1) Overruling his demurrer to the complaint; (2) in striking out and rejecting his cross-complaint; (3) in sustaining the demurrer of appellee to the second and fourth paragraphs of his answer; (4) overruling his demurrer to the second paragraph of appellee's reply to the third paragraph of answer; (5) overruling his motion for a new trial.

The complaint is in two paragraphs. The first paragraph, among other things, after alleging that the plaintiff is an incorporated bank, sets out the execution of the note and mortgage by Harris & Turpen, and that said note was properly indorsed by the said Citizens Bank by N. Cadwallader, president, to the plaintiff as collateral security to secure the payment of $5,000, which latter sum is alleged to be now due and unpaid. It is further charged that the makers of the

note in suit have failed to pay the same, and that it is now due and unpaid, and judgment is demanded against said makers for the sum of $4,000, and for a foreclosure of the mortgage against all of the defendants. Copies of the note and mortgage are filed with and made parts of each paragraph of the complaint, and each of the paragraphs discloses that permission has been obtained from the court by the plaintiff to make said receiver a party defendant to this action.

The second paragraph alleges the execution of the note and mortgage in suit by Harris & Turpen to the Citizens Bank, and then alleges that on March 2, 1896, the plaintiff, the Randolph County Bank, loaned to said Citizens Bank the sum of $5,000, and received from said bank as evidence of said loan the following, to wit: "The Citizens Bank. Union City, Indiana, March 2, 1896. $5,000. Randolph County Bank, Winchester, Indiana, has deposited in this bank $5,000, payable to the order of itself sixty days (in current funds) after date, with no per cent. interest per annum only for the time stated on return of this certificate properly indorsed. C. H. Cadwallader, Cashier." This certificate is indorsed as follows: "We hereby guarantee the payment of this certificate." (Signed) C. H. Cadwallader, Nathan Cadwallader.

It is further alleged that at the time said loan of $5,000 was negotiated and made by the plaintiff to the Citizens Bank, that the latter by its officers and agents, in order to induce plaintiff to make said loan, promised and agreed with plaintiff to turn over and deposit with it as collateral and additional security for the payment of said loan the note and mortgage in suit, together with other notes, as such collateral security, at any time when the plaintiff should request the said Citizens Bank to do so. It is then averred that after making said loan to the Citizens Bank that the latter, upon request of plaintiff, did turn over and assign and indorse to plaintiff as collateral security upon said loan the

note and mortgage in suit, together with other notes which plaintiff now holds as such security. That at the time said notes were assigned to plaintiff it was agreed that the time for paying the loan of $5,000 should be extended until the money from the collaterals so assigned could be collected and applied in payment upon the loan. It is further alleged that the note and mortgage sued upon were assigned to plaintiff by said Citizens Bank by indorsement, in pursuance of the agreement heretofore mentioned, etc., and that the note in suit and the loan in question are averred to be due and unpaid, and judgment is demanded against Harris & Turpen for $5,000 and foreclosure of the mortgage against all of the defendants.

Appellant as receiver of the Citizens Bank demurred to each paragraph of the complaint upon the ground that neither stated facts sufficient to constitute a cause of action against him as defendant in said suit. His demurrer was overruled, to which ruling he excepted, and, thereupon, he filed an answer in four paragraphs, the first being the general denial. Each of the other three paragraphs was addressed to the complaint generally, and not specially to either of its paragraphs. Appellant also filed what is denominated a cross-complaint, consisting of four paragraphs, which cross-complaint, upon motion of appellee, was stricken out and rejected in its entirety over the objections and exceptions of appellant. Appellee demurred for insufficiency of facts to the second, third, and fourth paragraphs of the answer, and its demurrer was sustained to the second and fourth and overruled to the third. Thereupon appellee replied in two paragraphs to the third paragraph of appellant's answer, the first being a general denial. The demurrer to the second paragraph of reply was overruled. Upon the pleadings as they stood after the several rulings of the court as heretofore stated, the issues were joined between appellant and appellee and a trial by the court resulted in a finding in favor of appellee to the effect that it was entitled to recover

against Harris & Turpen upon the note in suit in the sum of $3,703.95 and to foreclose the mortgage against all of the defendants. The court further finds that appellee held the note and mortgage involved in this action as collateral security to secure the payment of a debt owing to it by the said Citizens Bank, which indebtedness is evidenced by a certificate of deposit; that a part of said indebtedness has been paid from other collaterals, leaving a remainder due to appellee of $1,496.24, which amount, the court finds, together with $242 allowed as attorneys fees, together with costs and interest accruing subsequent to the rendition of the judgment, should be paid to the appellee out of the first money collected on the judgment to be rendered upon said note and mortgage. The residue thereof to be paid to appellant as receiver of the Citizens Bank, or to whomsoever may be entitled to receive the same. Over appellant's motion for a new trial, judgment was rendered in accordance with the court's finding.

The second paragraph of appellant's answer, after alleging the appointment of appellant as receiver of the Citizens Bank and the acceptance by him of said trust, and that said bank was organized and incorporated under the laws of this State as a bank of discount and deposit, then avers, among other things, that said Citizens Bank, for a long time prior to its suspension and the appointment of said receiver, was an insolvent institution, and was the owner of a large number of bills and notes, including the mortgage note in suit; that on May 6, 1896, the bank suspended and ceased to do business and soon thereafter passed into the hands of appellant as receiver; that on the 27th day of April, 1896, while the bank was in an insolvent condition, the president thereof, Nathan Cadwallader, without any authority from the board of directors, and without any authority whatever, transferred and assigned to appellee the note in suit, together with other notes and bills of said bank, by indorsing upon each the name of the said Citizens Bank; that the assign-

ment of said notes was made as collateral security for the purpose of securing the payment of said deposit of $5,000 made by appellee; that it was agreed by and between appellee and said Cadwallader at the time the notes were assigned and delivered to the former that all of the proceeds arising from the collection thereof, over and above what was necessary to pay the $5,000 deposit, should be paid over to the Citizens Bank for its benefit. It is then alleged that no part of the proceeds of the notes so assigned has been paid over to said bank by appellee, and the further averment is made that appellee has not and never did have any valid title to the notes in question in this action. The paragraph closes with a denial of all other matters contained in the complaint.

The third paragraph of answer proceeds upon the theory that after the Citizens Bank had become insolvent, Cadwallader, its president, by the assignment of the note in suit, along with the other notes mentioned as a security for the $5,000 deposit, thereupon preferred appellee over the other creditors of the Citizens Bank, in violation of §2934 Burns 1894, §2697 Horner 1897, the same being a part of the law under which the Citizens Bank was organized. This section reads as follows: "All transfers of notes, bonds, bills of exchange, and other evidences of debt owing to any association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor, all deposits of money, bullion or other valuable thing to its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, with a view to prevent the application of its assets to the proper payment of its just liabilities, or with a view to the preference of one creditor to another—shall be utterly null and void."

The fourth paragraph of the answer in the main may be said to be similar to the second. It, among other things, alleges that appellee on March 2, 1896, deposited with the

Citizens Bank $5,000, and as evidence of such deposit the certificate set out in the second paragraph of the complaint was issued; that on April 27, 1896, Cadwallader, the president of the bank, indorsed, assigned, and transferred to appellee, without any consideration, certain notes and bills belonging to the Citizens Bank, including the note involved, for the purpose of securing the deposit of said $5,000 so made by appellee. It is then expressly alleged that Cadwallader as president of the Citizens Bank had no authority whatever from the board of directors to assign and transfer these notes to appellee for the said purpose. None of the paragraphs of appellant's answer is verified.

It appears, as previously stated, that appellant as receiver of the Citizens Bank is made a party defendant by appellee in this action to answer in respect to liens and interests which he claimed to have and hold in and against the mortgaged premises. It was not the purpose of the complaint to enforce the collection of the note against him. Appellee under its complaint only sought to recover a personal judgment against the makers of the note, and to enforce the foreclosure of its mortgage. The certificate·of deposit in no manner entered into or forms any part of the foundation of this action. Appellant contends that there is an insufficiency of facts as against his demurrer in each paragraph of the complaint, for the reason that there are no averments therein showing the right of the appellee to maintain this action.

The first paragraph of the complaint alleges that "said note was heretofore properly indorsed" to plaintiff by said Citizens Bank by N. Cadwallader, president, as collateral security, etc. The second paragraph avers that "said Citizens Bank did assign, indorse, deliver, and turn over to the plaintiff as collateral security", etc. The makers of the note were party defendants to this action, but they did not see fit to appear and demur to the complaint for insufficiency of facts, or because of any defect of party defendants, and ap-

pellant is the only party complaining as to the insufficiency of the assignment of the note in suit. The averments of the complaint in regard to such assignment and transfer of the note to appellee as collateral security certainly made a *prima facie* case to the effect that appellee was the legal holder and owner of the note as against appellant. Under the averments of the pleading it is made to appear that the note in question was, by the Citizens Bank, transferred, by indorsement, to appellee, through the agency of the bank's president. As the directors of the bank possessed the power to authorize the president to assign or transfer the note to appellee for the purpose for which it *was* assigned, or subsequently to have ratified the same if unauthorized, such assignment, under the circumstances, will be presumed to be binding on the bank, until it is shown that the same was not authorized or ratified by its directors. *National State Bank* v. *Vigo Nat. Bank,* 141 Ind. 352, 50 Am. St. 330, and cases there cited. *First Nat. Bank* v. *New,* 146 Ind. 411; *Hawkins* v. *Fourth Nat. Bank,* 150 Ind. 117.

We conclude that each paragraph of the complaint was sufficient, so far as appellant was concerned, to require him to answer in respect to the assignment of the note in suit, or in regard to any interest or lien which he had or held upon the mortgaged premises, and therefore the court did not err in overruling the demurrer to each paragraph of the complaint.

When the second and fourth paragraphs of appellant's answer are stripped of surplusage matter, it becomes evident that the theory or gist of the defense attempted to be interposed by each is that the transfer or assignment of the mortgage note upon which appellee sought to recover was of no effect in passing to appellee any right or title to said note and mortgage, for the reason that the president of the Citizens Bank had no power or authority to make the assignment or transfer in question in behalf of said bank. Each of these paragraphs, under the facts therein alleged, was

nothing more than an unverified answer or plea of *non est factum* in respect to the assignment of the note by the bank, as referred to in the complaint. Section 115 of the civil code, §367 Burns 1894, provides: "Where a pleading is founded on a written instrument, or such instrument is therein referred to; or when an assignment, in writing, of such instrument is specially alleged in a pleading, such instrument or assignment may be read in evidence on the trial of the cause without proving its execution, unless its execution be denied by pleading under oath, or by an affidavit filed with the pleading denying the execution."

If appellant desired to present an issue in regard to the authority or power of the president of the Citizens Bank to make an assignment or transfer of the note in suit, he was required by virtue of the above provisions of the code to do so by a verified plea. *Vannoy* v. *Duprez,* 72 Ind. 26; *Lassiter* v. *Jackman,* 88 Ind. 118; *Phenix Ins. Co.* v. *Rowe,* 117 Ind. 202; *Allen* v. *Studebaker, etc., Co.,* 152 Ind. 406; *Ralston* v. *Moore,* 105 Ind. 243.

These unverified paragraphs of the answer were each but the equivalent of the general denial so far as they attempted to controvert the assignment of the note as alleged in the complaint, and as the general denial remains as a part of the answer, the action of the court, under the circumstances, in sustaining the demurrer to each was harmless, for the reason that if they had been permitted to remain as a part of the answer they would have cast no other or additional burden on the appellee than rested upon it under appellant's general denial. *Ralston* v. *Moore, supra; Allen* v. *Studebaker etc., Co., supra.*

It is true that a demurrer is not the proper method of assailing an unverified plea of *non est factum,* but as a correct result was reached through the demurrer instead of a motion to strike out and reject the paragraphs in dispute, therefore, the question of procedure, under the circumstances, is of no importance.

The second paragraph of the reply to the third paragraph of appellant's answer, to which he unsuccessfully demurred, gives a history of the execution of the note and mortgage, and then the paragraph proceeds to allege the following facts: That at the time the loan in question was made by appellee the said Citizens Bank, through its officers and agents, in order to induce appellee to make said loan to it, promised and agreed to and with the appellee to turn over, assign, and deposit with the latter, when the appellee should require such assignment to be made, as collateral security for the payment of the said loan of $5,000, the notes and bills referred to and set out in the third paragraph of answer, including the note in suit. By this agreement and promise, upon which appellee relied, it made the loan in question to the Citizens Bank, and the said notes and mortgage were assigned and turned over by the Citizens Bank at the request of appellee, in pursuance of said agreement, before the maturity of the loan of $5,000, as collateral security to secure the payment of said loan; that at the time said note and mortgage in suit and the other notes were assigned and turned over to plaintiff, in pursuance of said agreement, as collateral security, it was agreed by and between the appellee and the Citizens Bank that the time of the payment of the loan of $5,000 should be extended, until such time as said collaterals could be collected and the proceeds thereof applied in the discharge of said loan. It was further agreed that the appellee should collect the collaterals, and apply the proceeds thereof, as fast as collected, to the discharge and satisfaction of the said loan and all interest thereon owing by said Citizens Bank, and the residue of the proceeds of said collaterals, if any, should be turned over by the appellee to the Citizens Bank; that said note and mortgage in suit and the other collaterals were assigned and delivered by indorsement to appellee by the Citizens Bank pursuant to and in compliance with the aforesaid agreement and promise herein mentioned. It is then averred that the appellee now

Harris *v.* Randolph County Bank.

has in its possession and is the owner in its own right of the said mortgage note and other collaterals for the purposes aforesaid. That said loan of $5,000 remains due and unpaid except as to credits thereon given, and that the note set out in this action is the same note so assigned and transferred to appellee as such collateral security and is held by it for such purpose, and that the amount due thereon is not sufficient to pay and satisfy the said $5,000 which the said Citizens Bank received and still holds and which was borrowed upon the credit and promise of the assignment to it of said collaterals, etc. It is apparent that the part of this paragraph of the reply which sets out the original promise of appellant's bank under and by which, as alleged, appellee was induced to make the loan of $5,000 is but a repetition of that part of the second paragraph of the complaint wherein the same matter is embraced. Strictly speaking it was not essential that appellee should have presented such matter by its complaint, as the same could be more properly pleaded in avoidance of the defense interposed under the third paragraph of the answer whereby, as we have seen, the title and right of appellee to the note in suit is sought to be impeached or defeated for the alleged reason that the transfer or assignment of the note was made in violation of the provisions of the section of the statute previously set out. If the facts stated in the paragraph in question are true, and this the demurrer concedes, they are certainly sufficient to place the assignment and transfer of the note to appellee beyond the inhibition of this statute, and thereby avoid the defense set up in the third paragraph of the answer. This paragraph of the reply discloses that the Citizens Bank obtained the $5,000 under and through its promise and agreement made at the time it received the money that it would assign and transfer to appellee collaterals to secure the payment of said loan. That after the money on the loan was received by appellant's bank, but before the maturity of the loan, the latter bank, in pursuance of its promise and agreement, as-

signed and transferred to appellee the notes and bills re-
ferred to and set out in the third paragraph of the answer,
among which was included the mortgage note in suit, all of
which, as it appears, were assigned to appellee as collaterals
to secure the payment of the loan in question. These facts
disclose that appellant's bank, by the assignment and trans-
fer to appellee of the note in suit, was simply performing
that which it had agreed and obligated itself to do in order to
induce appellee, in the first instance, to loan it the money.
The promise or agreement to assign these notes as collaterals
was made before appellee had actually become a creditor of
the Citizens Bank, hence the action of the latter in assigning
and transferring these collaterals to appellee in no sense can
be said to be or have resulted in an unlawful preference
within the meaning of the statute, although the Citizens
Bank was insolvent at the time the collaterals were assigned.
By this action of the bank, under the circumstances, there
was no attempt on its part to prefer appellee as a creditor
over others. The bank was simply carrying out its promise
and obligation, by which it in the first instance induced ap-
pellee to become its creditor. Again, if we take an equitable
view of this feature of the case, it may be asserted that the
assignment and transfer of the notes, under all of the cir-
cumstances, ought to be regarded as though the same had
been actually made for the purpose of securing said loan at
the time the money was obtained from the bank, for the
reason that "equity regards and treats that as done which in
good conscience ought to have been done." 1 Pomeroy's
Eq., §364, *et seq.,* to §377. The case of *Brighton* v. *White,*
128 Ind. 320, in no sense, under the facts, lends any support
to appellant's contention. It follows that the court did not
err in overruling the demurrer to the second paragraph of
the reply.

Appellant next contends that the court erred in rejecting
and striking out his cross-complaint, which consisted of four
paragraphs. Appellee, however, insists (1) that neither

paragraph of this pleading embraces matters which can be properly pleaded as a set-off; (2) that they can not be considered or regarded as a counterclaim for the reason that the subject-matter embraced in each is not disclosed to have any connection with or to arise out of the cause of action set forth in appellee's complaint. We give a summary or gist of each of these paragraphs. The first alleges that appellee wrongfully and unlawfully took possession of a large number of promissory notes and bills receivable which belonged to the Citizens Bank, and wrongfully and unlawfully converted the same to its own use, and refuses to account therefor. A list of the notes and bills so converted is given in this paragraph. There are no averments, however, to disclose that the transaction about which appellant complains is connected with or arises out of the cause of action upon which appellee bases its complaint. The paragraph closes with a demand for judgment for $8,000 as damages against appellee for the alleged unlawful conversion of the notes and bills. The second paragraph avers that appellee is indebted to appellant's bank in the sum of $8,000 for money had and received, and demands judgment against appellee for that amount. Neither the first nor the second paragraph seeks to set up the matters therein contained as a set-off against appellee. For aught appearing to the contrary, both of these paragraphs may be viewed and considered as an attempt upon the part of appellant to present and recover upon a cause of action independently of that set out in the original complaint. The third paragraph, among other things, alleges the organization of appellant's bank, its failure and suspension on May 6, 1896, and his appointment as its receiver. It alleges that on March 2, 1896, prior to its suspension, appellee deposited $5,000 with said bank and received a certificate of deposit as the evidence thereof. That on April 27th following, the president of appellant's bank, one Nathan Cadwallader, turned over and transferred to appellee, as collaterals, notes and bills receivable belonging to

said bank and of the value of $8,000, to secure to appellee the payment of said $5,000 deposit. It then proceeds to allege that said president had no authority from the directors of his bank to transfer and assign said notes and bills, and that therefore appellee acquired no title or right thereto. It is further averred that appellant has demanded of appellee that it turn over and surrender to him the notes and bills in question, all of which it refuses to do, and that it has collected the money due on part of said notes and bills, and has converted the same, together with the notes and bills remaining uncollected, to its own use, and judgment is demanded for the unlawful conversion. There is nothing averred in this paragraph to disclose that the subject-matter thereof has any connection with appellee's cause of action, or with the transaction out of which it arose.

As we previously stated, the subject of the cause of action set out in the original complaint is not the certificate of deposit, but the note and mortgage therein embraced. The theory of this paragraph is to the effect that appellee acquired no title to the notes and bills so transferred to it by the president of appellant's bank; that it has unlawfully converted said notes and a part of the proceeds thereof to its own use, and that, therefore, appellant is entitled to recover against it for the alleged conversion of the notes and the money collected thereon.

The facts averred in the fourth paragraph are substantially the same as those set out in the third. It sets out facts in relation to the organization of appellant's bank and other facts in regard to its failure and suspension and the appointment of appellant as its receiver, etc. It then proceeds to charge that on the 2nd day of March, 1896, appellee deposited $5,000 in the said bank and received a certificate of deposit as evidence thereof; that prior to the suspension of appellant's bank on April 27th following, the president thereof, one Nathan Cadwallader, delivered, turned over and assigned to appellee, as collateral security for the said de-

posit, notes and bills belonging to the said bank, a list of such notes being given. The authority or right of the president to transfer such notes and bills to appellee is denied, and it is alleged that by reason of the unauthorized transfer and assignment that no title to the bills and notes passed to appellee. It is further alleged that appellee has collected a part of the notes and bills and has converted the money so collected to its own use and has also converted to its use such notes and bills as remain uncollected, and has refused on demand to turn over to appellant the money collected on the notes, or those thereof which remain uncollected. It avers that the note executed by the defendants Turpen and Harris was and is in the words and figures as follows: (Here copies of the note and mortgage are set out.) The paragraph closes with a demand for judgment for $10,000 as damages against appellee, and for $5,000 against Turpen and Harris, and a foreclosure of the mortgage. There are no positive averments in this paragraph to disclose that appellant disputes the title or ownership of appellee to the particular note and mortgage upon which the original cause of action is founded, and that he seeks for this reason to recover a judgment thereon in the place of appellee.

The principal purpose or theory of this paragraph seems to be to recover against appellee for the alleged conversion of the notes and bills. As to the standing of this paragraph as a counterclaim or cross-complaint, it may be said to be open to the same objections as the third, inasmuch as it does not disclose by any positive averments that the notes and bills turned over and transferred to appellee, and by the latter unlawfully converted to its own use, have any connection with the subject-matter of the original action, and therefore there is nothing, under the circumstances, upon which appellant can base any right to inject such matters into this action, and recover thereon, by way of counterclaim or cross-complaint. Appellant insists that the first and second paragraphs of his cross-complaint each presented a proper claim and demand by way of set-off against appel-

lee, hence it is insisted that the court erred in striking out these paragraphs. The civil code in respect to a set-off provides: "A set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." Section 351 Burns 1894, §348 Horner 1897. Even if it could be said that appellant was in a position to plead and enforce a set-off against appellee in this action, it appears that neither of said paragraphs professes to set up or allege matters by way of set-off. Under the circumstances in this case he was not in a position to enforce a set-off against appellee, for the reason that the latter, under its complaint, in no manner sought to recover on the note in suit against him, but only endeavored to recover against Turpen and Harris, the makers of the note. Appellee did not seek in any way to subject appellant to any liability upon the note or mortgage. It is evident, therefore, that he was not in an attitude to plead a set-off against appellee's cause of action.

Again, the first paragraph sounds in tort, and the rule is well settled in this State that a claim or demand arising out of tort can not be pleaded as a set-off against a cause of action arising out of contract. See cases collected in 1 Woolen's Procedure, §1999.

As the subject-matter of each of the paragraphs in question is not shown by averments therein to have any connection with or relation to the original cause of action they can not be maintained by way of counterclaim. The code defines the latter to be "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." §353 Burns 1894. Assuming that the facts and matters set out in the first and second paragraphs constitute a cause of action against appellee, still as it does not appear therein

that such matters arise out of or are connected with the cause of action presented by appellee's complaint, therefore they can not be regarded or considered as a counterclaim. For the rule is well settled that the matters which are pleaded by a defendant as a counterclaim must be connected in a legal sense with the subject of the original action or with the transaction out of which it arose. *Sterne* v. *First Nat. Bank,* 79 Ind. 560; *Standley* v. *Northwestern, etc., Ins. Co.,* 95 Ind. 254, and cases there cited.

What we have said in regard to the first and second paragraphs applies to the third and fourth, and, therefore, as none of the paragraphs of the cross-complaint in question in any manner profess to answer appellee's complaint and as each seeks only to recover against appellee upon what is apparently an independent cause of action, the cross-complaint had no legitimate standing in the case, and it was not error for the court to reject or strike it out as an entirety on the motion of appellee. In passing upon the question here involved, we recognize the well settled rule that where objections to a pleading can apply merely to its insufficiency of material matters or facts to constitute a cause of action or defense, such pleading should be challenged by demurrer, and not by a motion to reject or strike it from the files. Even where the facts in a pleading are such only as to tend to constitute a cause of action or defense, the court, under such circumstances, is not justified in striking out or rejecting such pleading, for a motion to strike out can not perform the office of a demurrer. *Atkinson* v. *Wabash R. Co.,* 143 Ind. 501, and cases there cited.

Had appellant under the facts alleged in his fourth paragraph sought to dispute appellee's ownership or title to the mortgage note set out in the original complaint, and upon that theory sought affirmative relief against appellee and his codefendants, to the effect that the court adjudge upon his cross-demand that appellee had no title to said note by reason of its alleged unauthorized transfer and assignment, and

that the title thereof was vested in him as the bank's receiver, and by proper averments of facts had sought to recover on the note in the place of appellee against the makers thereof, and for a foreclosure of the mortgage against all who were party defendants to such cross-pleading, the paragraph in question, under such circumstances, might be regarded as a proper counterclaim or cross-complaint, and if appellant as cross-complainant upon the trial had been successful upon the issue of title or ownership in respect to the note he might have been awarded a judgment thereon and a foreclosure of the mortgage securing the same, for the principle is well settled that in a suit by an assignee on a note to recover thereon, that another who claims to be the owner of such note, and entitled thereto, may interpose by way of a cross-complaint or counterclaim and contest with the plaintiff the title to the particular note in suit, and if such cross-complainant prevails upon such issue of ownership, he may be permitted under proper averments to recover instead of the plaintiff on the note against the makers thereof. Under such circumstances the counterclaim can be said to be based upon a matter connected with and involving the original cause of action, and all interested parties may be made defendants to such cross-complaint and brought before the court, and the whole controversy may be presented and determined. This is the rule asserted in *Kastner* v. *Pabilinski,* 96 Ind. 229.

Appellant complains of some intervening rulings in the proceeding during the trial in respect to the evidence, and also that the evidence is not sufficient to sustain the judgment of the court. We do not, however, consider these alleged rulings and determine if any of them is erroneous, for the reason that in our opinion it fully appears from the legitimate evidence in the record that the merits of this cause, under the issues, have been fairly tried and determined, and that appellant has received substantial justice, and a correct result has been reached. Consequently, under

Harris *v.* Randolph County Bank.

the circumstances, such rulings, even if erroneous, would be regarded as harmless, and not as reversible error.   This rule is well affirmed by many decisions of this court, and is expressly recognized and asserted in §137 of the code, §401 Burns 1894.   An examination of the evidence fully establishes that the appellee legally held the mortgage note in suit and was entitled to a judgment thereon and a decree foreclosing the mortgage.   The evidence abundantly establishes that appellant's bank when it was still a going concern obtained through its authorized agents from appellee's bank $5,000, for which it issued the certificate of deposit heretofore set out.   It is shown to have obtained this money under a promise and agreement made by its duly authorized agent that it would assign and transfer to appellee the mortgage note in suit as collateral security to secure the payment of the $5,000 so obtained.   Appellant's bank is shown to have received this money from appellee upon the faith of its said promise and agreement so made, and said money was appropriated to the use of the bank, and thereafter, while the latter was still a going concern, and before the maturity of the loan or deposit in question, through its president, a duly accredited and authorized agent, it assigned and transferred to appellee the note in suit as such collateral security, under and in pursuance of said agreement.   In no manner does it appear that the note in question was assigned by the bank to appellee on account of or for the purpose of preferring it as a creditor over any of the other creditors.   The evidence upon this issue fully sustains the facts set up in appellee's reply to the third paragraph of the answer, and what we previously said in respect to the ruling of the court on the demurrer thereto need not be repeated.

Counsel for appellant has made an extensive argument and one replete with much research in regard to the question as to whether the money received by the bank from the appellee and evidenced by the certificate of deposit in controversy should be considered or treated as a loan or merely as

a deposit. As to how it should be regarded in this respect, whether as a loan or a deposit, is not material under the facts in this case, for if it be considered as an ordinary deposit its effect would be to create the relation of debtor and creditor between appellee and appellant's bank. *Union Nat. Bank* v. *Citizens Bank,* 153 Ind. 44. That the certificate of deposit in this case may be viewed or regarded as a promissory note for the payment of money is well affirmed by the decisions of this court and by other authorities. *Gregg* v. *National Bank,* 87 Ind. 238, and cases there cited; *Long* v. *Straus,* 107 Ind. 94, 57 Am. Rep. 87.

Appellant's bank, having received the money from appellee while a going concern in the prosecution of its business under and upon the faith of the agreement to secure it by assigning as collateral security the note in suit, it necessarily follows as a legitimate sequence that by the assignment or transfer of the note to appellee, appellant's bank simply discharged that which it, under its agreement, had obligated itself to do in order in the first instance to secure the money, and as to whether the same was obtained as a loan or as a deposit to be paid at a fixed time is evidently not an essential feature of the transaction. That an incorporated bank or banking institution may borrow money in the prosecution of its business, and secure the payment thereof by collaterals, or otherwise, is a well settled proposition, and the fact that such bank is insolvent at the time the loan is obtained does not impair or deprive the bank of its power or right to negotiate the loan and secure the payment thereof, unless it is forbidden by some statutory provision. *First Nat. Bank* v. *Arnold,* 156 Ind. 487; *Wright* v. *Hughes,* 119 Ind. 324, 12 Am. St. 412; Boone's Law of Banking, §22; 1 Morse on Banking (3rd ed.), §§48, 160; Zane on Banks, §125.

We conclude that the record in this appeal presents no reversible error, and that the judgment should be affirmed. Judgment affirmed. Monks, J., did not participate in this decision.