PIERSOL ET AL. *v.* HAYS, EXECUTOR.

[No. 16,992. Filed April 3, 1943. Rehearing denied April 30, 1943.]

*Ira M. Sharp,* of Thorntown, for appellants.

*John D. Taylor* and *Charles V. Sears,* both of Danville (*Otis E. Gulley,* of Danville, of counsel), for appellee.

CRUMPACKER, J.—This is an action at law brought by the appellants as the heirs at law and next of kin of Oliver M. Piersol, deceased, against the appellee as the executor of the last will and testament of said decedent. Its purpose is to recover possession of certain personal property not disposed of by the testator's will and which is admittedly in the possession of the appellee. Upon motion of the appellee and over appellants' objections, the complaint, by means of which these proceedings were instituted, was rejected and stricken from the files by the trial court and judgment rendered against the appellants for cost. This, the appellants assert was error and this appeal presents no other question. The complaint alleges in substance that Oliver M. Piersol died testate on the 27th day of July, 1940, leaving the appellants as his sole and only heirs at law. That his last will and testament failed to dispose of personal property of substantial value which descended by operation of law to the appellants. That the appellee as the executor of said last will and testament has wrongfully and without right seized such intestate property and is unlawfully using it to pay the decedent's

debts. The prayer is for immediate possession of the disputed property and all other just and proper relief.

The basic and fundamental question presented by this appeal is whether the executor of a will which fails to dispose of the testator's entire estate takes the intestate property with power to use it in payment of the decedent's debts.

On the 23rd day of October, 1941, the appellee filed a current report in the Hendricks Circuit Court pertaining to his doings as the executor of the last will and testament of Oliver M. Piersol and in said report charged himself with the same property, or its proceeds, as is involved in the litigation before us. The appellants filed exceptions to said report wherein they objected to the appellee's action in treating personal property not mentioned in the will and codicil thereto as assets of the estate and using the same to pay the testator's debts. A trial was had to the court, the facts found specially, conclusions of law favorable to the appellee stated thereon and judgment rendered accordingly, from which judgment the appellants appealed to this court for relief. In such appeal the parties and subject-matter are identical herewith and the basic questions involved precisely the same. In that case we held that the executor of a will takes possession of and administers a decedent's whole personal estate, whether mentioned in the will or not, and, unless the will provides otherwise, the personal property of which he died intestate is subject to his debts before that bequeathed by the terms of the will can be used for such purpose. *Ollie Piersol et al.* v. *Frank Hays, Executor, ante,* p. 214. That case disposes of the major question presented by this appeal.

Notwithstanding the merits of the controversy, the appellants contend that the motion to strike the com-

plaint from the files was grounded upon the proposition that said complaint shows on its face that the personal property in controversy is rightfully in appellee's possession and that his conduct in reference thereto is lawful. That a demurrer was the proper pleading under the circumstances, and that a motion to strike cannot be substituted therefore. Where a complaint fails to state a cause of action, there is no reversible error in striking it out. Had it been met by a demurrer, as contemplated by our practice, the same result would have been accomplished and thus the question of procedure is of no importance. *Acme Cycle Co.* v. *Clarke* (1901), 157 Ind. 271, 61 N. E. 561; *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, 60 N. E. 1025. As the appellants' complaint in the instant case failed to state a cause of action, there was no error in striking it from the records of the Hendricks Circuit Court.

Judgment affirmed.

Blessing, C. J., not participating.

NOTE.—Reported in 47 N. E. (2d) 844.