## Todd *v.* Howell et al.

[No. 6,985. Filed May 23, 1911.]

1. MECHANICS' LIENS.—*Contractors.*—Prior to the act of 1909 (Acts 1909 p. 295) a mechanic's lien could not be enforced on behalf of a contractor or subcontractor. p. 667.

2. EVIDENCE.—*Varying Written Contract.—House Construction.— Custom.*—Where a carpenter contracted to build a house according to specifications, the owner to furnish the materials, and there being nothing in the specifications to show whether they should be new or old and nothing to show whether the window sash should be ready-made, oral evidence of a trade custom that in such case new materials only were meant and that the window sash were to be ready-made, is admissible. pp. 667, 668.

3. CONTRACTS.—*Trade Customs.—Evidence.*—Contracts relating to particular trades are presumed to be made in view of the cus-

toms of such trades, and in explanation of such contracts, oral evidence is admissible to show such customs.   p. 668.

4.   EVIDENCE.—*Custom.*—Where a custom is universal it should be admitted as an existing law without proof, but if it be local, it must be proved.   p. 668.

5.   CONTRACTS.— *Building.*— *Specifications.*— *Ambiguities.*— *Oral Evidence.*—Where the specifications for a building are confusing and ambiguous as to whether a steel ceiling was a part of the carpenter work of the building, oral evidence is admissible to explain the intent.   p. 669.

6.   APPEAL.—*Mandate.*—*Excessive Judgment.*—A judgment for attorney's fees and a decree for foreclosure of a mechanic's lien in favor of a contractor for erecting a house prior to the taking effect of the act of 1909 (Acts 1909 p. 295), will be reversed. p. 669.

From Tipton Circuit Court; *Jesse R. Coleman,* Special Judge.

Suit by John W. Howell and another against Ezra N. Todd.    From a decree for plaintiffs, defendant appeals. *Affirmed in part; reversed in part.*

*Gifford & Gifford,* for appellant.
*Every A. Mock,* for appellees.

FELT, P. J.—The record discloses that appellees entered into a written contract with appellant to do all the carpenter work on a certain livery barn and opera house for $370, in accordance with the plans and specifications therefor.    The court found for appellees in the sum of $130.02 and for $50 attorneys' fees, and for the foreclosure of a mechanic's lien against appellant's real estate.

Appellant assigns as error the overruling of his motion for a new trial, and that the court erred in its conclusions of law stated upon the special finding of facts. The motion for a new trial, among numerous reasons assigned, alleges that the decision of the court is contrary to law and not sustained by sufficient evidence.

Appellees are contractors, and as such are not entitled to a mechanic's lien, as it has been held that the title of

the act, under which the mechanics' lien laws were
1. enacted, by virtue of which they assert their lien,
does not include or apply to contractors and sub-
contractors. *Indianapolis, etc., Traction Co.* v. *Brennan*
(1910), 174 Ind. 1; *Cleveland, etc., R. Co.* v. *DeFrees*
(1909), 173 Ind. 717; *Fleming* v. *Greener* (1909), 173 Ind.
260; *Korbly* v. *Loomis* (1909), 172 Ind. 352.

The motion for a new trial challenges the correctness of
the trial court's rulings in the admission of certain testi-
mony relative to the kind of material to be fur-
2. nished, and certain alleged usages or customs of
trade in the carpenter business in the vicinity of
Windfall, Indiana, where the buildings in question were
erected.

Appellees, by their contract, obligated themselves to do
all the carpenter work in a good, sufficient and workman-
like manner, and according to the plans and specifications
made by John Hollingsworth, architect. Appellant was to
furnish all material, and the specifications described the
kind to be used, but did not designate it as new, or pro-
vide that any old or secondhand material should be used.
Appellant furnished old and secondhand material, and ap-
pellees used it in constructing the building, and upon the
trial made a claim for extra work on that account. The
court permitted testimony to be introduced, over appel-
lant's objection, to show that it was the usage or custom
in that vicinity to use new material only unless the con-
tract specified otherwise. A controversy also arose over
the making of a certain large window sash, specified by
the architect, and made by appellees, for which they
claimed extra pay. The court heard testimony, over ap-
pellant's objection, tending to show that the custom was,
under such specifications, to have all sash furnished from
the mill ready made, unless otherwise specified. Appel-
lant objected, on the ground that, under the contract, ap-

pellees were required to use any material furnished, regardless of any custom or usage, and that the contract required them to do all work performed by them, and that they were not entitled to prove a custom or usage to determine what the contract required of them.

Evidence cannot be heard to vary or contradict the terms of an express contract, but where parties enter into a contract with reference to a particular business or

3. trade they are presumed to contract with reference to the generally known usages of that business or trade, and their contracts are to be interpreted consistently with such usage. Peculiar expressions or terms are given the meaning which they have acquired in such business by common usage, unless, by the express terms of the contract, such usage is excluded, or is inconsistent with the contract.

Where a custom is general and of universal prev-

4. alence it becomes a part of the existing law, and is to be considered without proof; but where the usage is local, or of limited application, it is a question of fact, to be proved by the evidence, not for the purpose of changing or modifying the contract, but to give effect to its provisions, by making clear and intelligible that which otherwise is ambiguous. *Rastetter* v. *Reynolds* (1903), 160 Ind. 133; *Everitt* v. *Indiana Paper Co.* (1900), 25 Ind. App. 287; *Leiter* v. *Emmons* (1898), 20 Ind. App. 22; *Thompson* v. *Hamilton* (1832), 12 Pick. (Mass.) 425, 23 Am. Dec. 619, 621; *Conner* v. *Citizens St. R. Co.* (1896), 146 Ind. 430, 442; *Patterson* v. *Crowther* (1889), 70 Md. 124, 16 Atl. 531.

The court committed no error in admitting testimony showing that it was the common usage in that vi-

2. cinity, under similar specifications, to furnish new material and mill-made sash, where not otherwise specified.

A further and somewhat similar question arose as to whether steel ceilings were included in the carpenter work.

The ambiguity on this question arises from the peculiar provisions, or irregular order of arrangement of the several topics, in the specifications. Following the heading of "carpentry and timbers," are those of "roof" and "wall plates," and then "ceilings," which are described as "steel ceilings." Immediately following the latter are the topics "floor" and "partition ceiled," and then "plastering." Following "plastering" are seven other topics which clearly belong to carpentry. There are no general headings followed by subheads, and as it is clear that "plastering" is not included in the carpenter work, it is at least doubtful whether "steel ceilings" were intended by the architect to be so included, or whether they, like the plastering, were sandwiched in between other topics belonging to the carpenter work.

With this ambiguity in the specifications, from which the carpenter work is to be determined, we cannot say that the trial court erred in admitting testimony to show that the work of putting on the steel ceilings was extra, and in allowing appellees compensation therefor.

The personal judgment is not erroneous, except as to the $50 included therein as attorneys' fees, which amount, in the court's finding of facts, is clearly separated from the $130.02 due for carpenter work. As the lien cannot be sustained, the attorneys' fees cannot be justified.

It is therefore ordered that the decree of foreclosure be reversed, and that the personal judgment below be affirmed, if within sixty days appellees shall enter a remittitur for $50, as of the date of the original judgment. Otherwise the judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.