## HOERGER v. THE SIDWAY MERCANTILE COMPANY.

[No. 22,797.    Filed October 14, 1915.]

1. CONTRACTS.—*Construction.*—*Admissibility of Parol Evidence.*— A contract providing that defendant was to pay plaintiff a commission of ten per cent on all accepted orders for its product taken at regular prices and regular terms, but having no price list included or attached thereto, rendered necessary and proper the admission of parol evidence to explain the phrase "regular prices

and regular terms" and give effect to the real understanding of the parties. p. 611.

2. APPEAL.—*Review.*—*Intervening Error.*—Where it appears from the entire record that the judgment of the trial court does justice between the parties, it will be affirmed regardless of minor intervening errors, if any, p. 613.

From Elkhart Superior Court; *James L. Harmon*, Judge.

Action by William Hoerger against The Sidway Mercantile Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*C. C. Raymer*, for appellant.
*W. H. Chester* and *Ira H. Church*, for appellee.

SPENCER, C. J.—Suit by appellant to recover certain commissions alleged to be due him by reason of certain sales made by him of appellee's products. The principal

1. question presented by this appeal from the judgment of the trial court denying said claim involves the construction of the written contract entered into between the parties. Said contract provided that the "first party (appellee) agrees to pay the second party (appellant) a commission of ten per cent on all accepted and shipped orders for its products taken at regular prices and regular terms, with the exception of 'go-carts numbers F and A, upon which the commission shall be four per cent." Appellant contends that this language must be construed according to its usual, natural and ordinary meaning and that so construed the contract as written is plain and unambiguous. Conceding to appellant the application of the above rule of construction, it still leaves unsolved the vital point in controversy, viz., what were the "regular prices and regular terms" which were to govern appellant's sales? No price list was included in or attached to the contract in question and resort to parol evidence was necessary and proper to explain the phrase "regular prices and regular terms" as used therein. *Cross* v. *Pearson* (1861), 17 Ind. 612; *Todd* v.

*Howell* (1911), 47 Ind. App. 665, 95 N. E. 279; *Semon Bache & Co.* v. *Coppes, etc., Co.* (1905), 35 Ind. App. 351, 74 N. E. 41, 111 Am. St. 171. Based on parol evidence thus offered, the trial court found that a few days immediately prior to the execution of the contract in suit the parties had some preliminary negotiations looking to appellant's employment as a traveling salesman for appellee; that before said contract was executed appellee informed appellant and certain other prospective traveling salesmen who were present that it had not completed its price list showing the various prices at which its products were to be sold to the trade; that it had fixed and determined on one price known as the regular price on which it would allow appellant ten per cent commission for all sales made by him at said regular price; that said regular price list would constitute the prices at which appellee's go-carts were to be sold to retailers who bought less than one hundred carts at a time; that the list of prices and commissions which should govern sales of said carts in numbers of one hundred or more would be determined in a few days; that appellee would contract with appellant to employ him as a traveling salesman and would pay him a commission of ten per cent on all accepted and shipped orders for its products, with certain exceptions which were later embodied in the contract, when said orders were taken by appellant at the regular prices; that appellant fully understood the terms of said offer and announced that the same would be satisfactory to him, whereupon the contract in suit was executed; that immediately thereafter appellee completed its price list and so informed appellant and delivered to appellant a copy of the same, said list being divided into four columns headed as follows: "Extreme Jobbers", "Regular Jobbers", "Privileged Price", and "Regular Price". This list provided prices for the sale of appellee's products in varying amounts and at the time of delivery to appellant he was also informed by appellee that it would allow him a commission of ten per cent on sales

made at the privileged price, of five per cent on sales made at the regular jobbers' price, and of four per cent on sales made at the extreme jobbers' price, all of which appellant thoroughly understood and agreed to, and said prices and commissions were satisfactory to him. To apply language which was used in *Semon Bache & Co.* v. *Coppes, etc., Co., supra,* "It was not improper thus to permit the introduction of oral evidence showing the situation of the plaintiff, and the circumstances under which the contracts were made, known to both parties and considered by them at the time, not for the purpose of contradicting the contracts or of adding to the terms thereof, but of explaining the purposes for which the contracts were made, consistently with terms so wanting in precision as to admit of more than one construction, and to be susceptible of such explanation, and thereby to give effect to the understanding and purpose of the parties, without contradicting the terms of the contracts, or making other contracts for the parties."

After leaving the employ of appellee, appellant claimed that the term "regular prices", as used in his contract, included all regular listed prices allowed by appellee to the different elements of its trade but the trial court has found that when the contract was executed it was the understanding of the parties that the term "regular prices", as used therein, applied only to the price given retail dealers who bought less than one hundred carts at a time; that other prices and rates of commission would be and were later determined by appellee company and the same were accepted by appellant.

Without further extending this opinion it is sufficient to say that from a careful examination of the entire record, it is apparent that the judgment of the trial court does 2. justice between the parties and should not be reversed because of minor intervening errors, if any. It is not contended that the findings of the court are unsupported by the evidence and the facts disclosed by said

findings are sufficient to preclude appellant's right to further commissions on the sales made by him.   Judgment affirmed.

NOTE.—Reported in 109 N. E. 770.   Parol evidence to explain mercantile and other contracts, see 6 Am. Rep. 678; 28 Am. Rep. 210.  ·See, also, under (1) 17 Cyc. 675, 682; (2) 3 Cyc. 444.