FLETCHER AMERICAN NATIONAL BANK *v.* McDERMID,
RECEIVER.

[No. 10,536. Filed November 5, 1920. Rehearing denied April 19, 1921. Transfer denied June 24, 1921.]

1. PLEDGES.—*Requisites.—Delivery.—Possession.*—To create a valid pledge, there must be a delivery of the property agreed to be pledged, either actual or constructive, to the pledgee or pledge holder, coupled with a continuous retention of such possession by him, good faith not availing the pledge in the absence of delivery of possession. p. 155.

2. PLEDGES.—*Pledge of Automobile.—Delivery.*—A pledge of an automobile must be accompanied by delivery of possession to the pledgee, an automobile not coming within the rule that prop-

MAY TERM, 1921.     151

Fletcher Amer. Nat. Bank v. McDermid, Rec.—76 Ind. App. 150.

erty which is too bulky, or otherwise of such a character, that delivery would be impossible or inconvenient, may be pledged without change of possession. p. 157.

3. PLEDGES.—*Surrender of Possession for Special Purpose.—Effect.*—The delivery of property pledged to the pledgor by the pledgee for some special or temporary purpose does not, in legal contemplation, interrupt the pledgee's possession. p. 158.

4. PLEDGES.—*Pledgor Holding Pledge as Agent for Pledgee.*— The pledgee of property, the possession of which may be readily delivered, cannot avoid actual delivery thereof by appointing the pledgor his agent to hold possession for him. p. 158.

5. PLEDGES.—*Failure of Pledge for Want of Delivery.—Equitable Lien.*—Where a contract for a pledge fails for want of delivery of the article agreed to be pledged, such contract nevertheless creates an equitable lien which is valid as between the parties. p. 159.

6. PLEDGES.—*Failure of Pledge for Want of Delivery.—Pledgee's Equitable Lien as Against Receiver.*—Where the owner of an automobile agreed to pledge it to secure the payment of a note, but the contract for the pledge failed for want of delivery of the possession of the pledge, the payee of the note nevertheless had an equitable lien on the automobile under such contract, entitling it to satisfy the lien out of the net proceeds of the sale of the automobile by the receiver for the pledgor, where there were no creditors with a superior claim thereto. pp. 159, 160.

7. RECEIVERS.—*Title of Receiver.—Not Innocent Purchaser.*—A receiver for a company is not an innocent purchaser of its assets or a purchaser for value in any sense. p. 160.

8. RECEIVERS.—*Officer of Court.*—A receiver is an officer of the court appointing him, and represents not only the debtor, but his creditors as well. p. 160.

9. RECEIVERS.—*Actions.—Party.*—After the appointment of a receiver, creditors cannot proceed against the debtor directly, but their claims must be worked out through the receiver. p. 160.

From Marion Superior Court (99,293); *Theophilus J. Moll*, Judge.

Action by R. S. Crozier against H. E. Campbell in which Herbert M. McDermid was appointed receiver, and in which the Fletcher American National Bank intervened. From a judgment rendered on intervener's claim against the receiver, the intervener appeals. *Reversed.*

*Meyers, Gates & Ralston,* for appellant.
*Delos A. Alig,* for appellees.

BATMAN, J.—It appears from the record in this cause, that on June 7, 1915, appellee McDermid was appointed receiver of the Crozier-Campbell Sales Company, hereinafter called the sales company, and soon thereafter qualified and took upon himself the execution of said trust; that among the assets then in the possession of said company, and which came into the hands of said McDermid as such receiver, was a certain Empire automobile, which he afterwards sold; that subsequent to said sale appellant filed an intervening petition in said receivership, in which it asked that the proceeds derived from said sale be applied to the payment of the balance due it on a certain promissory note, for the security of which appellant claimed said automobile had been pledged. On July 12, 1917, the court, after a hearing on said petition, and in pursuance of a timely request by appellant, made a special finding of facts, in which it found in substance, among other things, that on May 29, 1915, Raymond L. Crozier and Herbert E. Campbell, as partners doing business as the Crozier-Campbell Sales Company procured a loan of appellant in the sum of $500; that to evidence the same they executed to appellant their promissory note for said sum, due sixty days after date; that for the purpose of securing said note, and as a part of the contract under which said loan was made, said sales company, concurrently with the execution of said note, pledged to appellant, by an instrument in writing (a copy of which is made a part of the special finding), a certain new Empire automobile, numbered 332408; that concurrently with the execution of said instrument, and as a part of the transaction in which said money was loaned, the said Crozier and Campbell executed to appellant the following ac-

knowledgment that they held said automobile as its trustees and agents:

> "Indianapolis, Ind., May 29, 1915.
> "Received from the Fletcher American National Bank of Indianapolis, New Empire Car No. 332408, in trust, to be handled by us, its agents, and accounted for to its satisfaction.
> "Crozier-Campbell Sales Co. Per H. E. Campbell."

That concurrently with the execution of said instrument of pledge, and said acknowledgment of trust and agency, said sum of $500 was received by said Crozier and Campbell for their own use; that said form of collateral agreement was one which had been in use by appellant in its business with respect to all kinds of collateral for a long time, and similar forms were in general use in the banks in the city of Indianapolis; that all of said papers were executed and said transaction was had in good faith without fraud, or fraudulent intent, by any of the parties thereto; that said automobile so pledged was not held by said sales company for sale, but was held for demonstrating purposes in the sale of other cars; that on June 7, 1915, upon application of one of said partners in an action against the other, a receiver was appointed for said copartnership; that said receiver, without notice to appellant, took possession of said pledged automobile, and sold the same for $675; that there was a conditional sale contract outstanding against said automobile, on which there was due the sum of $407.91, and which amount the said receiver was compelled to pay, in order to secure its release therefrom; that at the time the price for which said automobile was sold was paid to said receiver he knew of said agreement with appellant; that on June 8, 1915, there was on deposit with appellant to the credit of said sales company the sum of $216.29, which amount on said date was applied to the payment

*pro tanto* of said note; that said note was due under the terms of said collateral agreement when said payment was made, and when the petition herein was filed, and the remainder of said note is now due and unpaid; that appellant, on or about ———— 1915, made demand on said receiver for the balance due on said note, or for the possession of the security therefor, which demand was refused; that after the sale of said automobile, so pledged as aforesaid, appellant demanded that the remainder of the price received therefor, after deducting the balance due thereon under said conditional sales contract, be paid to it, which demand was also refused; that appellant's said petition herein was filed on July 19, 1915, and notice of its filing was at once given said receiver. On the foregoing facts the court stated the following conclusions of law, and rendered the following judgment thereon:

"Upon the foregoing facts the Court concludes the law to be that the pledge was a valid one and that the petitioner Bank had a special property in said automobile to the extent of the balance of its debt, and that on sale of the automobile being made the claim in equity was transferred to the money received by the Receiver and is a charge and lien thereon, less the amount necessary to discharge the prior claim, to wit: $407.91, and that the sum of $267.09 in his hands is the property of the petitioner, and should be paid over to it, and that judgment should be accordingly rendered.

"It is therefore considered and adjudged and decreed by the Court that the petitioner Fletcher American National Bank had a special property in said automobile and that the lien of said petitioner be and the same is hereby transferred from said automobile to the said sum of $267.09, and that said Receiver be and he is hereby directed to pay to said petitioner the said sum of $267.09 in his hands."

Subsequently, on October 10, 1916, the receiver filed his report, without having paid appellant said sum of $267.09, as directed by said judgment, and appellant filed its exceptions to said final report, based on such failure. On June 22, 1918, the receiver filed a motion, asking the court to set aside its special finding of facts and conclusions of law stated thereon, which resulted in the following order and judgment:

"And the Court now sustains the motion of the Receiver to set aside the conclusions of law heretofore made herein in so far as it concludes that the intervener has a prior or preferred claim against the fund arising from the sale of the automobile in controversy, and restates its conclusions of law on the special findings, that the balance due the intervener constitutes a valid general claim against the funds in the hands of the Receiver.

"It is therefore considered and adjudged by the Court that the intervener, Fletcher American National Bank, have and recover out of any funds in the hands of the Receiver applicable thereto, the sum of $283.21, with interest at 6 per cent per annum from July 1, 1915, and the same shall be payable as other general claims against said trust are payable."

The court also overruled appellant's exceptions to the receiver's report and entered an order approving the same. Appellant filed a motion for a new trial which was overruled, and it now prosecutes this appeal on an assignment of errors which requires a consideration of the questions hereinafter determined.

Appellant contends that the special finding of facts shows that it had a lien on the automobile in question, and for that reason it was entitled to have the net proceeds in the hands of the receiver derived from the sale thereof, applied to the discharge of such lien. Based on this contention, appellant as-

serts that the first conclusions of law stated on such facts were correct, and that the court erred in subsequently modifying the same. We shall first determine whether the special finding of facts shows that appellant had a lien on said automobile, and if so, the nature thereof. It is obvious that the instrument, which is the basis of appellant's alleged lien, is not a chattel mortgage, as it does not contain a defeasance clause. 21 R. C. L. 632; *Evans* v. *Darlington* (1840), 5 Blackf. 321; *Dungan, Admx.*, v. *Mutual, etc., Life Ins. Co.* (1873), 38 Md. 242; *Wright* v. *Ross* (1868), 36 Cal. 414; *Mitchell* v. *Roberts* (1883), (C. C.) 17 Fed. 776; *Dale* v. *Pattison* (1914), 234 U. S. 399, 34 Sup. Ct. 785, 52 L. R. A. (N. S.) 754, 58 L. Ed. 1370. It is more in the nature of a contract for a pledge of the automobile mentioned therein, as a security for present and future indebtedness, which may or may not have been consummated. It is well settled that in order to consummate such a contract, and thereby create a valid pledge, there must be a delivery of the property agreed to be pledged, either actual or constructive, to the pledgee or a pledge holder, coupled with a continuous retention of such possession by him, and that good faith does not avail the pledgee, in the absence of such delivery and possession. 21 R. C. L. 642; *New Albany Nat. Bank* v. *Brown* (1916), 63 Ind. App. 391, 114 N. E. 486; *Franklin Nat. Bank* v. *Whitehead* (1898), 149 Ind. 560, 49 N. E. 592, 39 L. R. A. 725, 63 Am. St. 302; *First Nat. Bank* v. *Bradshaw* (1912), 91 Neb. 210, 135 N. W. 830, 39 L. R. A. (N. S.) 886. The requirement of possession, it is said, is an inexorable rule of law, adopted to prevent fraud and deception, for, if the debtor remains in possession, the law presumes that those who deal with him do so on the faith of his being the unqualified owner of the property involved. 21 R. C. L. 643; *Casey* v. *Cavaroc* (1877), 96 U. S. 467, 24 L.

Ed. 779; *Fourth Street Nat. Bank* v. *Taylor* (1909), 172 Fed. 177, 96 C. C. A. 629, 30 L. R. A. (N. S.) 552. A reference to the special finding of facts discloses, that the court failed to find that there was an actual delivery of the automobile in question to appellant, and no constructive delivery thereof, unless the execution of the receipt therefor to appellant by said sales company constituted a constructive delivery. The Supreme Court of this state has held that the execution of what purports to be a warehouse receipt by one not a warehouseman, for goods owned by him and in his possession, to another as security for a debt, is not a constructive delivery of the goods described therein. *Franklin Nat. Bank* v. *Whitehead, supra.* But appellant cites us to the fact that in some instances the rule has been so far relaxed, as to permit property pledged, to remain in the possession of the pledgor, as agent of the pledgee, where it is bulky or otherwise of such a character, that manual delivery would be impossible or inconvenient. We note that the following authorities are to that effect, but it has been said that the policy of the law is against such relaxation: 31 Cyc 802; 21 R. C. L. 648; *Fourth Street Nat. Bank* v. *Taylor, supra.*

However, it cannot be said rightfully, in view of the purpose for which possession was made an essential element of a pledge, as stated above, that an 2. automobile is so bulky or otherwise of such a character, as to render manual delivery thereof either impossible or inconvenient, within the meaning of the exception cited. An automobile is portable by its own power, and manual delivery therefore, is not only possible, but by reason of such fact, can be made without inconvenience. That it would be inconvenient or expensive for a pledgee to care for it after delivery, if true, would not be a controlling fact. Our attention

**158    APPELLATE COURT OF INDIANA,**

Fletcher Amer. Nat. Bank *v.* McDermid, Rec.—76 Ind. App. 150.

is also called to the fact, that the delivery of property pledged to the pledgor by the pledgee for some special or temporary purpose does not, in legal contemplation, interrupt the pledgee's possession. 31 Cyc 818; *New Albany Nat. Bank* v. *Brown, supra; Rose* v. *Coble and Moore* (1868), 61 N. C. 517. This rule, however, can have no application in the instant case under the facts found. True, the special finding recites, "that said car so pledged was one held by the Sales Company not for sale, but for demonstrating purposes in the sale of other cars," but this is evidently a statement of the purpose for which it was held by said company prior to its agreement to pledge the same to appellant, rather than of the purpose for which it was left in the possession of the company after the execution of such agreement. This conclusion is consistent with the receipt given appellant by said sales company at the time the contract for the pledge of said automobile was executed, which contains the agreement with reference to its continued possession thereof.

Moreover, we entertain serious doubts if such a purpose would fall within the rule stated. The adoption of appellant's contention, that a pledgee of property, the possession of which can be as readily delivered as an automobile, may avoid an actual delivery thereof by appointing the pledgor his agent to hold possession for him, would be to render nugatory one of the recognized essential elements of a pledge, made necessary to prevent fraud and deception. As said in the case of *Fourth Street Nat. Bank* v. *Taylor, supra*, " 'To hold that exclusive possession may be retained by the debtor provided he agree to hold as trustee, until the same is demanded by his creditors or until default is made, would be to permit that to be done secretly and by indirection which the law condemns when done directly and openly. This principle is so

firmly grounded in our jurisprudence that no court of equity should lend its aid in the enforcement of a transaction which is not in harmony with the settled law on that subject.' " The great activity in the manufacture and sale of automobiles, and the consequent demand for financial assistance through pledging the same as security, taken in connection with their bulkiness, ought not lead to a disregard of the element of possession in a pledge, as the fraud and deception which would surely arise from such a course, would far outweigh any advantage to be gained thereby, and especially is this true in view of the fact, that such property may be made the basis of security by way of chattel mortgage, without yielding possession thereof. For the reasons stated we hold that the special finding of facts fails to show, that the contract of pledge in question was ever consummated.

However, it is well settled that where a contract for a pledge fails for want of a delivery of the article agreed to be pledged, such contract nevertheless creates an equitable lien, which is valid as between the parties. 31 Cyc 797; 21 R. C. L. 642; *Davis* v. *Billings* (1916), 254 Pa. 574, 99 Atl. 163; *Reardon* v. *Higgins* (1906), 39 Ind. App. 363, 79 N. E. 208; *James Bradford Co.* v. *United Leather Co.* (1915), 97 Atl. 620; *Houston, etc., Bank* v. *Gregg County* (1918), (Texas Civ. App.) 202 S. W. 805; Jones, Liens §27 *et seq.; Garrison* v. *Vermont Mills* (1910), 152 N. C. 643, 69 S. E. 743. We are clearly of the opinion that the special finding of facts shows that appellant had such a lien upon the automobile in question under its contract with said sales company, and that appellee took possession of the same subject to such lien. It will be observed that appellant is not seeking to take possession of said automobile by virtue of its lien, or attempting to assert any interest therein, as against the

purchaser thereof from the receiver, but is only seeking to have the net proceeds derived from such sale applied to the balance due on its indebtedness secured thereby.

A receiver is not an innocent purchaser or a purchaser for value in any sense.   23 R. C. L. 56; *Williams* v. *Johnson* (1914), 50 Mont. 7, 144 Pac. 768, 7-9. Ann. Cas. 1916D 595; *Chalmers & Williams* v. *Surprise, Rec.* (1919), 70 Ind. App. 646, 123 N. E. 841.   He is an officer of the court appointing him, and represents not only the debtor, but his creditors as well.   *Welliver, Rec.*, v. *Coate* (1917), 65 Ind. App. 195, 114 N. E. 775; *Marcovich* v. *O'Brien, Auditor* (1916), 63 Ind. App. 101, 114 N. E. 100.   After the appointment of a receiver, creditors cannot proceed against the debtor direct, but their claims must be worked out through such receiver.   *Richards* v. *Wilson* (1916), 185 Ind. 335, 112 N. E. 780; *Marcovich* v. *O'Brien, Auditor, supra; Northwestern, etc., Ins. Co.* v. *Kidder* (1904), 162 Ind. 382, 70 N. E. 489, 66 L. R. A. 89, 1 Ann. Cas. 509.

It thus appears that as between appellant and the receiver, in so far as the latter represents the said sales company, appellant would be entitled to assert its lien on the fund in controversy, and such right could only be defeated by the receiver in case it appears that there were creditors who had a superior claim thereto.   An examination of the special finding of facts fails to disclose that the said sales company had any creditors other than appellant, and hence we must assume that there was no one who had a superior right to such fund.   We therefore conclude that the first conclusions of law on the facts found were correct, and that the court erred in modifying the same. However, we are of the opinion that justice will be best subserved by directing the court to grant a new trial, rather than to restate its conclusions of law.   The judg-

ment is therefore reversed with directions to the trial court to grant a new trial of the cause, to set aside its approval of appellee's report, and for further proceedings consistent with this opinion.