GRATZINGER ET AL. *v*. AREHART ET AL.

[No. 26,659.  Filed December 19, 1935.  Rehearing denied March 3, 1936.]

548

*Fred H. Bodenhafer* and *Luke H. Wrigley,* for appellants.

*R. S. Emerick, Howard W. Mountz* and *Dunten & Dunten,* for appellees.

FANSLER, J.—Appellants, Kendallville Trust and Savings Company, Noble County Bank and Trust Company, and Vermont Finley as receiver of the Noble County Bank and Trust Company, were defendants below. Charles E. Gratzinger and the other appellants, eight in number, and the numerous appellees, were plaintiffs.

It appears from the special findings of fact that,

prior to December 31, 1928, the Kendallville Trust and Savings Company was doing business as a trust company; that on that date it ceased to transact business under its charter and transferred all of its assets to the Noble County Bank and Trust Company under a written contract, by the terms of which the latter company agreed to pay all of the liabilities of the first-mentioned company. At the time of the transfer of its assets, the Kendallville Trust and Savings Company was solvent. For some two years prior to the assignment, the Kendallville Trust and Savings Company had issued what was termed its "first mortgage real estate bond certificates," by the terms of which the company acknowledged itself bound and agreed to pay a sum certain five years after date, with interest at the rate of 6 per cent per annum, and in which it represented that it had set aside, to secure the payment of the so-called certificates, notes equal to the principal thereof, secured by first mortgages on real estate. In the instrument it expressly agreed: "First. That it will pay the principal and the interest hereon as specified. Second. That it may, from time to time, substitute other like mortgages in like amounts for such of said mortgages as may be paid." At the time the first of these certificates were issued no mortgages had in fact been set aside, but thereafter, from time to time, mortgages in excess of the amount of the certificates outstanding were set aside in the offices of the company until at the time of the assignment there were outstanding, in the hands of appellees and certain other persons named in the complaint, certificates issued for cash amounting to $202,700, and it held, separated and set aside from its other assets, mortgages of the principal face value of $230,700.81 to secure their payment. The mortgages were all recorded, and were assigned of record by the Kendallville Trust and Savings Company to the Noble

County Bank and Trust Company in its own name, and not as trustee or in any other manner that would indicate that they were involved in a trust.

It was found that: "At the time Kendallville Trust and Savings Company transferred and delivered all of its assets to Noble County Bank and Trust Company as hereinbefore found, it, the said Kendallville Trust and Savings Company, had in the manner, form and way as set out in this Finding, selected and separated and set aside the total sum of $230,700.81 of notes and mortgages, exclusive of interest, and at the time that the said defendant, Kendallville Trust and Savings Company, transferred its assets to said Noble County Bank and Trust Company, it, the said defendant, Kendallville Trust and Savings Company, transferred, assigned and delivered to said Noble County Bank and Trust Company the said notes and mortgages so selected, separated and set aside as aforesaid and totaling the aforesaid sum of $230,700.81, which said selected and separated notes and mortgages were then and there received by the said Noble County Bank and Trust Company as being the notes and mortgages selected, separated and set aside as aforesaid by the defendant, Kendallville Trust and Savings Company, for the purpose of securing the payment of the then outstanding Certificates which are described and designated in these Findings; that the amount of the outstanding Certificates issued by Kendallville Trust and Savings Company on and prior to December 31, 1928, amounted to the sum of $202,700.00 and at said time said Noble County Bank and Trust Company had full notice, knowledge and information that said Certificates so issued and delivered by said Kendallville Trust and Savings Company on and prior to the 31st day of December, 1928, amounted to the sum of $202,700.00; and that said Noble County Bank and Trust Company received the selected and separated

notes and mortgages from said defendant, Kendallville
Trust and Savings Company in the said sum of $230,-
795.61, and held the same as the security for the pay-
ment of said Certificates and for the use and benefit of
the holders and owners of such Certificates, and did not
receive said notes and mortgages so selected and set
aside as aforesaid as general assets." It is further found
that the Noble County Bank and Trust Company con-
tinued thereafter to keep said notes and mortgages sep-
arate and apart from all its other assets for the pur-
poses for which it received them; that, as certain of the
notes and mortgages so segregated and transferred were
paid, the Noble County Bank and Trust Company ap-
propriated the proceeds to its own use and substituted
other first mortgages therefor; that said mortgages so
substituted were kept in the separate file and a record
of them kept in the special ledger where records of the
mortgages originally assigned for the special purpose
were kept. After January 2, 1929, the Noble County
Bank and Trust Company issued to the plaintiffs who
are appellants, and to certain others, certificates iden-
tical in all respects with the ones issued by the Kendall-
ville Trust and Savings Company, except that the Noble
County Bank and Trust Company placed a written in-
dorsement on the back thereof by which it guaranteed
payment. These certificates aggregate $13,200. On Jan-
uary 10, 1931, the Noble County Bank and Trust Com-
pany discontinued business, and the appellant receiver
was appointed and took charge of its affairs. From the
beginning, the Noble County Bank and Trust Company
carried in its daily statements and in its published
statements, under the title of "mortgage certificates
outstanding," the amount due on the certificates re-
ferred to, and under the designation "mortgage notes
securing certificates," the amount of the mortgages held
for that purpose. When the mortgages were set aside by

the Kendallville Trust and Savings Company they were separated from other notes and placed in a separate file kept for that purpose only, and, for the purpose of identification, a distinctive number was placed upon each, different from any other number used for the identification of assets, and they were entered upon a special ledger. The Noble County Bank and Trust Company kept the mortgages separate and apart from its assets in a similar manner. The amount of said mortgages was not maintained, however, but between January 2, 1929, and January 10, 1931, the total was reduced, by appropriation of payments for which other mortgages were not substituted, to the sum of $214,527.61. The Noble County Bank and Trust Company did not at any time select or set aside mortgages from among its own assets for the purpose of securing the certificates that had been issued by the Kendallville Trust and Savings Company, or for the purpose of securing the certificates which it issued and guaranteed, except in cases where mortgages which had been delivered to it for the use and benefit of the holders of certificates issued by the Kendallville Trust and Savings Company were paid and the proceeds appropriated by the Noble County Bank and Trust Company, in which case it substituted mortgages from among its own assets and placed them in the file and entered them in the ledger in lieu of the mortgages that had been paid. There is no necessity to consider the further findings of fact, none of which are inconsistent with those referred to.

There were conclusions of law consistent with the judgment and decree, which were in favor of the plaintiffs, who were the owners of mortgage certificates issued by the Kendallville Trust and Savings Company, that they recover the amount of the principal and interest unpaid, together with their costs, from that company, and that each of those plaintiffs recover from the

defendant receiver of the Noble County Bank and Trust Company the amount due on his certificate, to be paid first out of the proceeds of the mortgages which were held by the Noble County Bank and Trust Company in its files for the payment of the certificates; and it was adjudged that persons who were not parties to the suit, but who were owners of first mortgage certificates issued by the Kendallville Trust and Savings Company, were entitled to participate in the proceeds of the mortgages upon an equal basis with those certificate holders who were plaintiffs. It was further adjudged and decreed that, if there is any deficiency in the proceeds of the mortgages to pay the certificates with interest, the balance shall be allowed and paid as a general claim against the assets of the Noble County Bank and Trust Company; that if, however, there is an excess in the proceeds it shall be held by the receiver as part of the general assets of his trust. It was further adjudged that the holders of the certificates issued by the Noble County Bank and Trust Company shall not participate in the proceeds of the mortgages set aside for the payment of certificates, but that claims of those certificate holders shall be paid as general claims against the assets of the Noble County Bank and Trust Company. There were other provisions in the judgment and decree incidental to the liquidation of the mortgages, and to court costs, which are not important.

The receiver prayed an appeal, assigning error upon the overruling of his demurrer and upon exceptions to the conclusions of law. He says in his brief: "Each of the errors relied on for reversal presents the same question, viz.: Have the owners of the mortgage bond certificates, or any of them, upon the facts shown by this record, any lien, legal or equitable, for the payment of their claims, or either of them, upon the notes and mortgages described in the complaint, in finding No. 15, and

in the judgment, enforceable against the general creditors of said New Company represented by appellant Receiver, who, said general creditors, by virtue of the insolvency proceedings and the appointment of said Receiver, acquired a lien upon said notes and mortgages for the payment of their claims?"

The appellant Gratzinger and others, holders of certificates issued by the Noble County Bank and Trust Company, have assigned cross-errors upon their exceptions to the conclusions of law. By these assignments appellants question the conclusions of law and the judgment, insofar as they are excluded from participating in the proceeds of the mortgages which had been set aside to secure certificates.

The Kendallville Trust and Savings Company was at all times, including the date that it assigned its assets and the mortgages in question to the Noble County Bank and Trust Company, and, as far as disclosed, down to the date of the judgment, a solvent corporation. It had the right to borrow money and execute its written acknowledgment of indebtedness and agreement to pay at a future date, and to pledge its mortgages for the payment thereof. *Schornick, Receiver* v. *Butler et al.* (1933), 205 Ind. 304, 185 N. E. 111; *Harris et al.* v. *Randolph County Bank* (1901), 157 Ind. 120, 60 N. E. 1025. But, even though its action in so doing might have been *ultra vires,* it could not retain the proceeds of the loan while refusing to deliver the collateral which it had agreed to set aside for the purpose of securing it. No question of fraud upon the general creditors of the Kendallville Trust and Savings Company is involved, since none of its creditors are here complaining, and since it is not shown that it has any creditors other than appellees. If the agreement between the certificate holders and the Kendallville Trust and Savings Company be construed as a contract to

pledge the mortgages, it is valid between the makers, and, having advanced the money, the certificate holders would be deemed to have an equitable lien upon the mortgages in question, at least in the absence of intervening rights of creditors, even if the pledge had not been completed by delivery. *Fletcher American National Bank* v. *McDermid, Receiver* (1920), 76 Ind. App. 150, 128 N. E. 685. It cannot be doubted, especially in view of the solvency of the Kendallville Trust and Savings Company, that it might have delivered the pledged property to the certificate holders at any time, nor can it be doubted that it had the right to deliver the mortgages, which it had set aside pursuant to its agreement, to a trustee for the use and benefit of the certificate holders. This it did, according to the court's finding, and the Noble County Bank and Trust Company, having accepted the trust and taken possession of the mortgages "for the use and benefit of the holders and owners of such certificates," could not be heard to question the right of the certificate holders to have those particular mortgages liquidated and applied to the payment of their obligations. The receiver can assert no right in favor of the company that it could not itself have asserted.

Nor are the creditors of the Noble County Bank and Trust Company in any better position. This company never owned the mortgages in question, except such equity as might remain after the certificates issued by the Kendallville Trust and Savings Company were paid, and that right is preserved to the company and its creditors by the judgment. The fact that the mortgages were assigned of record to the latter company, without disclosing a trust, is of no significance. If real estate had been conveyed to the company, in its own name, but impressed with a trust, it would be the same. An unrecorded deed or mortgage that has

been delivered, and for which an adequate consideration passed, is not void as against general creditors of the grantor. The recording statutes are for the protection of subsequent purchasers, lessees, or mortgagees, and it has been said by this court that the terms of the recording statutes cannot be extended to include general creditors within their protection. *Hutchinson, Assignee* v. *First National Bank, etc.* (1892), 133 Ind. 271, 30 N. E. 952. The Noble County Bank and Trust Company took title to the mortgages with full notice of the rights of the certificate holders and the equitable lien which they were entitled to enforce. It took title for the express purpose of protecting the rights of the certificate holders in discharging their obligations from the proceeds of the mortgages. It was not an innocent purchaser or assignee for value without knowledge of the rights of the certificate holders. The receiver is in no better position. He took the same title and rights in the mortgages that the company took under the original assignment, and subject to the same obligations. *Fletcher American National Bank* v. *McDermid, supra; Irwin's Bank et al.* v. *Fletcher Savings & Trust Co., Receiver et al.* (1924), 195 Ind. 669, 146 N. E. 909. Where one takes title by deed, assignment, or otherwise, in his own name, but in trust for others, the property is not subject to be levied upon or sequestered by creditors of the trustee. *Elliott* v. *Armstrong* (1829), 2 Blackf. 198; *Hollingsworth* v. *Trueblood et al.* (1877), 59 Ind. 542; *Cox et al.* v. *Arnsmann et al.* (1881), 76 Ind. 210; *Moore et al.* v. *Cottingham et al.* (1883), 90 Ind. 239.

The Kendallville Trust and Savings Company agreed that it would set aside mortgages to secure the certificates. It set them aside in its own files and offices first, it being the obvious intention of the parties that the instruments set aside should be security for, and applied if necessary to, the payment of the certificates.

Whether or not this was an incomplete contract to pledge is immaterial, since that company ultimately did deliver the mortgages which were agreed to be pledged to a trustee for the use and benefit of the pledgees. That at least was sufficient to complete the pledge. An action might have been maintained by the Kendallville Trust and Savings Company to compel the receiver to apply the mortgages to the payment of the mortgage certificates or to return them, since that company is still liable to pay the certificates. It provided for their payment, as it had a right to do, by assigning the mortgages to the Noble County Bank and Trust Company, for the use and benefit of its mortgage-certificate creditors. It is clear, and cannot be doubted, that it was the intention that the mortgages would be liquidated so that the certificates might be paid upon maturity. Since the Noble County Bank and Trust Company took the mortgages for that express purpose, it cannot hold them for any other purpose; neither can its receiver or its creditors, who have no interest or claim upon that property which belonged to the Kendallville Trust and Savings Company, and never was the property of the Noble County Bank and Trust Company.

The Noble County Bank and Trust Company misappropriated and converted to its own use the proceeds of certain of the mortgages that were paid. If the money thus misappropriated could be traced, the beneficiaries of the trust could recover it. But, when the money was misappropriated, mortgages were substituted for it. It has been expressly held by this court that: "The principle that enables a *cestui que trust* to follow the trust fund into a different kind of property, authorizes and enables the *cestui que trust* to seize upon and hold money substituted by the trustee for other money held as a trust fund." *Bundy, Receiver et al.* v. *Town of Monticello* (1882), 84 Ind. 119, 128.

And, if money substituted for other money may be seized, it follows that mortgages substituted for money may be seized. The principle is the same.

The certificates issued by the Noble County Bank and Trust Company seem to have purported on their face to be the obligation of the Kendallville Trust and Savings Company, merely guaranteed by the Noble County Bank and Trust Company, but it does not appear that the Noble County Bank and Trust Company had any authority to issue obligations in the name of the Kendallville Trust and Savings Company. The mortgages were assigned on December 31, 1928, "for the purpose of securing the payment of the then outstanding certificates." No action of the trustee could subject the mortgages to liability for the payment of any certificates issued subsequently by itself, even if issued in the name of the Kendallville Trust and Savings Company. It is not claimed that the Noble County Bank and Trust Company set aside any mortgages for the purpose of securing the payment of the certificates which it issued, and therefore these certificate holders were correctly found to be merely general creditors of the latter company. On the facts found, a correct result was reached.

Judgment affirmed.