DAVIS, TRUSTEE *v.* DUNCAN ET AL.

[No. 15,173. Filed April 2, 1936.]

*Elliott & Fell,* for appellant.

*Marshall, Hillis & Coffel,* for appellees.

DUDINE, J.—This action was instituted by Citizens National Corporation, as Trustee, against appellees John H. Duncan and Hazel D. Duncan (his wife), to recover on a note, and to foreclose a mortgage given by

said appellees to secure said note. Appellee Floyd E. Kelly was made a party defendant, because of a judgment lien held by him against his co-appellees, which lien was held to be inferior to appellant's mortgage lien. During the pendency of the action appellant was appointed by the Howard Circuit Court as successor trustee and plaintiff in this case in lieu of Citizens National Corporation. (Hereafter, by use of the word "appellees" we will refer to appellees John H. Duncan and Hazel D. Duncan, and not appellee Floyd E. Kelly.)

The complaint was in the usual form of complaint to recover on a note and foreclose a mortgage given to secure the payment of a note.

Appellees Duncan and Duncan filed six paragraphs of answer, including a general denial. It is not necessary that we discuss said paragraphs of answer except to say that by their sixth paragraph of answer, appellees sought to have the amount due them from Citizens National Bank (of Kokomo), on a certificate of deposit issued by the bank to appellee Hazel D. Duncan, set off against any amount found due from appellees on said note and mortgage. The issues were closed with replies, and the cause was submitted to the court for trial without the intervention of a jury.

The court found for appellant on his complaint and for appellees on their sixth paragraph of answer, and allowed a set-off as prayed by appellees. Appellant filed a "motion to modify the judgment" by striking out that part of the judgment which allowed the set-off.

The motion was overruled. Appellant also filed a motion for new trial, which was overruled, whereupon this appeal was perfected.

The errors assigned upon appeal, and discussed in appellant's brief, are: (1) Error in overruling said motion to modify the judgment; (2) error in overruling said motion for new trial. The causes for new trial

set forth in the motion therefor, are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

We will first consider the alleged error in overruling the motion for new trial.

The evidence indisputably shows that on February 24, 1919, appellee John H. Duncan executed and delivered to Kokomo Trust Company his promissory note in the principal sum of $2,500.00, which matured February 24, 1924. He and appellee Hazel D. Duncan, his wife, executed and delivered to the trust company a mortgage on certain real estate, to secure the payment of said note. The mortgage contained an unconditional promise to pay the indebtedness secured thereby. The note was renewed, and the renewal note matured on February 24, 1929. On that date the Citizens National Bank of Kokomo held the note and mortgage; and on that date said bank was indebted to appellee Hazel D. Duncan in the principal sum of $2,000.00, which indebtedness was evidenced by a certificate of deposit issued by the bank in her name. The loan was again renewed at maturity, with said certificate of deposit pledged as additional collateral to secure the payment of said loan. This pledge was evidenced by a receipt which was issued by the bank, and accepted by Duncan, and which was in the following words and figures:

"Received of John H. Duncan certificate of deposit for $2,000 which represents a deposit of $2,000 in the Citizens National Bank made in the name of Hazel D. Duncan payable to the Citizens National Bank."

"It is understood and agreed that this certificate is deposited as additional security on a mortgage loan of $2,500 and is not to be applied in reduction of the principal of said loan without the consent of said John H. Duncan. This additional collateral is held pending the settlement of a certain suit now pending. It is further agreed that interest on this certificate is to be collected by said John H. Duncan

on demand and the certificate renewed at any such interest paying dates."

On March 28, 1929, about one month after said note was renewed and said certificate of deposit was pledged as additional collateral, said note and mortgage were "purchased" and "paid for on the books of the bank" by the Citizens National Corporation, and "set up" by said corporation as part of the security for an issue, by said corporation, of mortgage certificates, which were thereafter sold to various persons; and on said date said note and mortgage were "delivered (by the corporation) to the Citizens National Bank as Trustee for the (holders of said mortgage) certificates."

The bank did not include said mortgage and note in its list of assets after said date.

On October 23, 1931, the bank was closed because of insolvency. On February 15, 1932, nine days before said note matured, it was assigned to "Citizens National Corporation, Trustee" by the bank, by its receiver. Thereafter said corporation, as trustee for the holders of said mortgage certificates, instituted this suit, and during its pendency appellant Harry O. Davis was substituted as such trustee.

Appellees drew interest on the certificate of deposit down to the time of the closing of the bank. On several occasions, before the bank closed, appellees were requested by the bank to apply the principal of the certificate of deposit to the payment of the note, but appellee declined.

Appellant contends the decision of the court is contrary to law because it permits the debt due appellees from the bank to be set off against the debt due the trustee for the holders of said mortgage certificates from appellees. We agree with said contention.

Appellees contend that the trial court was warranted

in finding that the bank was the owner of the note and mortgage at the time the bank closed, and therefore the note and mortgage are subject to the right of set-off which appellees would have as against the bank, but appellees do not show the evidence on which the court could rely in making such finding. We have searched the record to find such evidence, but searched in vain.

We note that the evidence shows that appellees had no knowledge of the "purchase" of the note and mortgage by the Citizens National Corporation, nor of the "set up" of the note and mortgage as security for the mortgage, until after the bank closed; that the bank did not execute a written assignment of said mortgage to the corporation, that the assignment to the corporation relied upon by appellant trustee is the assignment executed February 15, 1932, by the receiver of the bank, above referred to; that the corporation was a subsidiary of the bank, and the same group of men were officers in both, and the business of the corporation was done in the banking rooms of the bank; that at the time of said last renewal, Harry O. Davis was the vice-president of the bank, that later he became secretary of the corporation, and that all transactions had by appellee with reference to said renewal, and the payment of interest thereafter on the note, were had with said Harry O. Davis; that he never informed appellee that he was representing the corporation; and that appellee thought at all times he was dealing with Davis as a representative of the bank. Said facts do not however show that the bank was the owner of the note and mortgage, at the time the bank closed.

There is no question of fraud in this appeal. Fraud was not pleaded.

The fact that a written assignment of the mortgage to the corporation was not recorded before the bank

closed does not make the sale void as against appellee, a general creditor of the bank. *Gratzinger* v. *Arehart* (1936), 209 Ind. 547, 198 N. E. 787.

We hold that the decision of the court is not sustained by sufficient evidence and that the decision is contrary to law. In view of said holding it is not necessary that we discuss the alleged error in overruling appellant's motion to modify the judgment.

The judgment is reversed, with instructions to sustain the motion for new trial.