WILHELM ET AL. *v.* RYBAND ET AL.

[No. 27,126.  Filed March 6, 1939.]

*George Panea,* for appellants.

*Green & Powers, Carl A. Huebner* and *Cleveland & Hosler,* for appellee.

SWAIM, J.—This is an appeal from a decree foreclosing a real estate mortgage securing fifteen $1,000.00 bonds, executed by one August C. Riechers, Trustee, payable to Peoples Co-operative State Bank, of Hammand, Indiana, Trustee, or bearer.

The appellants, who are the present owners of the real estate covered by said mortgage, insist that said bonds and said mortgage are void.

The facts of the case which the court might properly have found under the pleadings on the evidence as stipulated and introduced are as follows: On December 29, 1926, the Peoples Co-operative State Bank of Hammond, Indiana, received a conveyance of the real estate covered by the mortgage in question, in payment of an indebtedness then due and unpaid from the grantors to said bank. When the title to said real estate was so received by said bank it was subject to the lien of a mortgage securing the payment of the principal sum of $15,000.00 payable to the Mutual Savings and Loan Association, which mortgage had been executed by the appellants, Herbert L. Wilhelm and Berthal Wilhelm, husband and wife, on April 16, 1925. On March 21, 1928, said bank conveyed said real estate to the appellee, August C. Riechers, Trustee, who, on March 24, 1928, as such trustee, executed and delivered to the said bank the bonds and mortgage described in the complaint. There were fifteen of said bonds, each in the sum of $1,000.00, payable three years after date to said Peoples Co-operative State Bank, Trustee, or bearer. Said mortgage mortgaged and warranted said real estate to said trustee to secure the payment of said bonds. The said Riechers, Trustee, had no interest in said real estate

other than as trustee to make, execute and deliver said bonds and mortgage. The proceeds of the mortgage so made by said trustee were used by said bank to pay and satisfy the 1925 mortgage on said real estate and thereupon the mortgagee, Mutual Savings and Loan Association, promptly released said 1925 mortgage of record.

Said bank, as trustee, sold all of the mortgage bonds, secured by said 1928 mortgage, to the appellees Agnes Ryband, Mary Stachowicz, Anton Jercha, Luella Huffman, Tillie Bradtke, Edwin Heintz, George Arnold and Fred Meyers, prior to October 17, 1930, and said appellees paid for said bonds their full face value, in cash.

On October 17, 1930, the said bank was found to be insolvent and a receiver therefor was duly appointed. On December 18, 1930, the said Riechers, Trustee, on the request of said receiver, reconveyed the legal title to said real estate to said bank. There was no consideration paid for the conveyance to said Riechers, Trustee, or for the conveyance from said trustee back to the bank. On April 27, 1935, the receiver of said bank, by a receiver's deed, which deed recited that it was subject to said 1928 mortgage, conveyed said real estate to the Ellyson Realty Company. On June 8, 1937, said Realty Company conveyed said real estate by quit claim deed to the appellants. This quit claim deed was not made expressly subject to said mortgage and the evidence does not disclose the consideration therefor. All of the above described conveyances and mortgages were duly and properly recorded.

On or about July 1, 1935, the appellee bondholders first learned the actual facts concerning the conveyance to said Riechers, Trustee, and the execution of said bonds and mortgage. On February 15, 1937, said mortgage being then in default, this action was brought to foreclose said mortgage.

The appellants contend that said bonds and mortgage

sued on were void and said appellee bondholders were, therefore, not entitled to a decree foreclosing said mortgage. The above facts do not support this contention.

The real estate in question was conveyed to said bank in payment of debts previously contracted in the course of its dealings. This was expressly authorized by §3860 Burns 1926. The bank clearly had the power to protect its equity in said real estate by paying and satisfying the 1925 mortgage on the real estate which it had so taken. It could legally borrow the money with which to do this. 9 C. J. S. §170, p. 362, states that "Banks have the power to borrow money under authority either implied from their general banking powers or expressly granted by statute; nor, except as such power may be restricted by express statutory limitation, is there any limitation as to the person or corporation from whom they may borrow, or necessity for the execution of some written form of obligation therefor." At the time this mortgage loan was negotiated there was no statute in Indiana prohibiting said bank from borrowing money to pay and satisfy said former loan. The power of a bank to borrow money and to secure the payment thereof by pledge of its assets has been recognized by this court. In the case of *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, 140, 60 N. E. 1025, this court said, "That an incorporated bank or banking institution may borrow money in the prosecution of its business, and secure the payment thereof by collaterals, or otherwise, is a well settled proposition, and the fact that such bank is insolvent at the time the loan is obtained does not impair or deprive the bank of its power or right to negotiate the loan and secure the payment thereof, unless it is forbidden by some statutory provision. (Citing cases.)" See also *Gratzinger* v. *Arehart* (1935), 209 Ind. 547, 198 N. E. 787, 9 C. J. S. §170, p. 367. Since the bank itself could have bor-

rowed money to pay and satisfy the existing mortgage on this real estate, and since it could have legally given a mortgage on said real estate to secure the payment of the money so borrowed, there is no reason why it could not legally accomplish the same result through a trustee appointed for that purpose, so long as there was no fraud connected therewith and no one was thereby harmed. The loan so made by the trustee was in the same amount as the original loan, and in the absence of any evidence to the contrary, we may assume that it was not in an excessive amount. There is no showing that anyone in this case was harmed by the manner in which the loan was negotiated.

If the bonds and mortgage in question were void, as contended by the appellants, the appellants are not in a position to question their validity in a suit in equity. The bondholders were holders in due course; they had paid full value for the bonds which they had purchased. The bank would clearly not have been in a position to question the validity of the mortgage as against the bondholders if the real estate had still been held by the bank. The receiver of the bank, conveying said real estate, made the conveyance expressly subject to the mortgage. The grantee of the receiver of the bank conveying the real estate to the appellant by quit claim deed transferred only such title to the appellants as he held. The appellants are claiming through or under the title of the bank. When they acquired their title they had notice of the said bonds and mortgage. They are estopped from questioning the validity of such bonds and mortgage.

One of the alleged errors assigned by the appellants is based on the action of the trial court in overruling their demurrer to the second paragraph of reply and answer to their answer and cross-complaint. Since the answer and cross-complaint were based

on the theory that the bonds and mortgage as executed by said trustee were void, they were both bad and any error of the trial court in ruling on a demurrer to an answer to such cross-complaint or to a reply to such answer would be harmless error. *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 180, 66 N. E. 694.

The other alleged error assigned by appellants was based on the action of the trial court in overruling their motion for a new trial. From a careful examination and consideration of the entire record of this case it is apparent that the judgment of the trial court does substantial justice between the parties. Where this is true, intervening errors, if any, are harmless and will not justify a reversal of the judgment. *Hoerger* v. *The Sidway Mercantile Co.* (1915), 183 Ind. 610, 109 N. E. 770.

The judgment of the Jasper Circuit Court is affirmed. Roll, J., absent.